UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                       Case No. 16-cr-20188

v.

                                                     HON. MARK A. GOLDSMITH

SEAN RUDOLPHIS JACKSON,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE INDICTMENT (Dkt. 24)**

Defendant Sean Rudolphis Jackson was charged with (i) one count of possession with intent to distribute a controlled substance (heroin), in violation of 21 U.S.C. § 841(a)(1); (ii) one count of possession with intent to distribute a controlled substance (cocaine), in violation of 21 U.S.C. § 841(a)(1); (iii) one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (iv) one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  See Indictment at 1-3 (cm/ecf pages) (Dkt. 15). Defendant subsequently filed a motion to dismiss (Dkt. 24), seeking to dismiss count three of the indictment, to which the Government filed a response (Dkt. 25). Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). As discussed below, the Court denies Defendant's motion.

The firearms at issue in count three of the indictment include a Glock 19 9mm caliber semi-automatic pistol and a Ruger LCP .380 semi-automatic pistol. See Def. Mot. at 1; Indictment at 2 (cm/ecf page). Defendant claims that these firearms were kept in a closed dresser drawer in an upstairs bedroom that was customarily locked and used only for storage.

1

Def. Mot. at 1, 3-4, 8.  Defendant then argues that dismissal of count three is warranted because there is "[n]o evidence . . . that either the Glock or the Ruger were used 'in furtherance of a drug trafficking crime.'"  Id. at 2.  In support of this contention, Defendant argues that (i) the firearms were not strategically placed and easily accessible for use during a drug transaction, because the "majority of the drugs were located in the basement," Def. Mot. at 4; id. at 8; see also id. at 7 ("The location of the firearms in [Defendant's] case is too attenuated to advance or promote any alleged drug dealing activity."); (ii) no drugs were found in or near the bedroom during the DEA search, id. at 2; and (iii) Defendant voluntarily led DEA agents to the bedroom and showed them the location of the firearms, id.; see also id. at 4-5 ("The firearms were not discovered during any drug transaction but rather, during a police search of the residence.").  According to Defendant, "[t]here are no specific facts tying the possession of firearms to the advancement or promotion of any drug activity."  Id. at 5.

In response, the Government argues that Defendant's motion violates Federal Rule of Criminal Procedure 12, because the motion cannot be decided "without a trial on the merits."  Gov't Resp. at 1.  The Court agrees with the Government.

Federal Rule of Criminal Procedure 12(b) provides that a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits," Fed. R. Crim. P. 12(b)(1), and, in particular, allows a defendant to challenge "a defect in the indictment[.]"  Fed. R. Crim. P. 12(b)(3)(B).[1]  "Courts usually say that a motion to dismiss is 'capable of determination' before trial if it involves questions of law instead of questions of fact on the merits of criminal liability."  United States v. Craft, 105 F.3d 1123, 1126 (6th Cir. 1997).

---

[1] Defendant does not cite the authority under which he brought the motion to dismiss.

2

Importantly, "courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." United States v. Landham, 251 F.3d 1072, 1080 (6th Cir. 2011); United States v. Levin, 973 F.2d 463, 468 n.2 (6th Cir.1992) (recognizing that, "during pretrial proceedings, a defendant may not properly challenge an indictment on the ground that it is not supported by adequate evidence").[2]  Along these lines, numerous courts have held that a pretrial motion to dismiss "cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue." United States v. James, No. 3:15-CR-49-TBR, 2016 WL 4005955, at *2 (W.D. Ky. July 25, 2016) (emphasis in original); accord United States v. Ledbetter, Nos. 2:15-CR-080, 2:14-CR-127, 2015 WL 4941812, at *3 (S.D. Ohio Aug. 20, 2015); United States v. Jamal, No. 03-20104 BV, 2004 WL 784844, at *3 (W.D. Tenn. Jan. 14, 2014); United States v. Kelley, No. 1:08-cr-51, 2008 WL 5517559, at *5 (E.D. Tenn. Oct. 24, 2008).  "[I]f a defendant's pretrial motion requires the court to find facts that make up the elements of the case which would normally be reserved to the jury . . . the motion should be denied." United States v. Cumberland Wood & Chair Corp., 978 F.2d 1259, at *3 (6th Cir. 1992) (per curiam) (table).

It is unmistakably clear that Defendant's motion does not challenge the facial validity of the indictment, but, rather, it challenges the adequacy of the evidence supporting count three of the indictment.  The arguments Defendant puts forth are based on his own interpretation of the facts of this case, claiming that they are insufficient to sustain a conviction for possessing firearms in furtherance of a drug trafficking crime.  Any factual findings by this Court in regard to the merits of Defendant's motion would necessarily invade the province of the jury.

---

[2] See also United States v. Williams, No. CR 406-186, 2006 WL 3218704, at *1 (S.D. Ga. Nov. 3, 2006) ("The federal courts may not assess the sufficiency of the evidence supporting an indictment obtained from an unbiased grand jury.") (citing United States v. Calandra, 414 U.S. 338, 344-345 (1974).

3

Accordingly, the Court denies Defendant's motion to dismiss count three of the indictment.

SO ORDERED.

Dated: August 10, 2016  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2016.

s/Karri Sandusky
Case Manager